

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 19, 1974

Mr. B. L. DeBerry
State Highway Engineer
Texas Highway Department
Austin, Texas 78763

Opinion No. H- 453

Re: Fees to be charged by
district clerk in eminent
domain proceedings.

Dear Mr. DeBerry:

You have requested an opinion as to what fee a district clerk is
permitted to charge in an eminent domain proceeding and whether the
fee charged should cover all costs which normally arise in such a
proceeding.

In 1971 the district courts were for the first time given concurrent
jurisdiction in eminent domain cases. V. T. C. S., art. 3266a, art. 1970-
62. 1. Previously jurisdiction in such cases was vested exclusively in
the county courts. On several occasions this office has been asked for
advice concerning the fees which a county clerk is entitled to collect for
the services rendered in such a case. See. e.g., Attorney General
Opinions M-483 (1969), C-164 (1963), WW-1008 (1961), and V-726 (1948).
In 1967 the Legislature enacted a statute authorizing clerks of county
courts to collect a fee of twenty-five dollars for services rendered in
an eminent domain proceeding, with or without objections. V. T. C. S.
art. 3930 (b) (A) (ii).

But when the Legislature granted concurrent jurisdiction to the
district courts in eminent domain cases, it failed to establish a particular
fee to be charged by district clerks for services rendered in such cases.
Instead in Article 3928, V. T. C. S., the Legislature provided:

> The District Clerk shall also receive the following
> fees:
>
> . . .

4. For such other duties prescribed, authorized, and/or permitted by the Legislature for which no fee is set by the Legislature, reasonable fees shall be charged.

This provision authorizes district clerks to charge a reasonable fee for the services they render in condemnation proceedings. In our opinion they are permitted to charge either a lump sum to cover all services normally rendered in such proceedings or, alternatively, a specific fee for each service actually rendered. It does not matter so long as all fees charged are for services rendered and are reasonable. In view of the fact that the Legislature has set a fee of twenty five dollars to be charged by county clerks for services rendered in condemnation cases, in our opinion a similar fee would not be unreasonable if charged by district clerks in such cases.

## SUMMARY

Whenever no fee has been set by the Legislature, district clerks are permitted to charge a reasonable fee for the services they render.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg